# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Submitted January 15, 2010 　　　Decided August 6, 2010

No. 08-3115

UNITED STATES OF AMERICA,
APPELLEE

v.

ERNEST TEPPER,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:93-cr-00073)

*A. J. Kramer*, Federal Public Defender, and *Mary Manning Petras*, Assistant Federal Public Defender, were on the briefs for appellant.

*Jeffrey A. Taylor*, U.S. Attorney at the time the brief was filed, and *Roy W. McLeese III*, Assistant U.S. Attorney, were on the brief for appellee.

Before: ROGERS, GARLAND, and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GARLAND.

GARLAND, *Circuit Judge*:   In 1993, Ernest Tepper pled guilty to possessing with intent to distribute 50 grams or more of crack cocaine and was sentenced as a career offender to 262 months' imprisonment.   In 2007 and 2008, the Sentencing Commission amended the sentencing guidelines that generate offense levels for crimes involving crack, but did not amend the provisions relating to career offenders.   Tepper seeks a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a reduction if the original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."   We conclude that Tepper cannot proceed under § 3582(c)(2) because the Commission's amendments did not lower the sentencing range on which his sentence was based.

I

On April 20, 1993, Tepper pled guilty to one count of unlawful possession with intent to distribute cocaine base, also known as "crack," in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii).   The Presentence Investigation Report (PSR) prepared by the United States Probation Office used the 1992 edition of the United States Sentencing Guidelines (U.S.S.G.) to calculate Tepper's guideline range.  Because Tepper admitted possessing 108.8 grams of crack and 20.445 grams of heroin, the Guidelines' drug quantity table, U.S.S.G. § 2D1.1(c)(6) (1992), gave him a base offense level of 32.  PSR at 5.  The PSR then applied a three-level downward adjustment from the base offense level for Tepper's acceptance of responsibility and guilty plea, *see* U.S.S.G. § 3E1.1, which yielded a total offense level of 29.  PSR at 6.  The PSR also determined that Tepper's prior convictions put him in criminal history category IV.  *Id.* at 9; *see* U.S.S.G. ch. 4, pt. A; *id.* ch. 5, pt. A.

As the PSR noted, however, Tepper qualified as a career offender under U.S.S.G. § 4B1.1, because he was older than eighteen, pled guilty to a controlled substance offense, and had two prior felony convictions for crimes of violence or controlled substance offenses. PSR at 6. This status altered both his total offense level and his criminal history category. Under the career offender guideline, Tepper's offense level rose to 37, which, after the adjustment for accepting responsibility and pleading guilty, yielded a total offense level of 34. PSR at 6. The career offender guideline also fixed his criminal history category at VI. U.S.S.G. § 4B1.1; *see* PSR at 6, 9. In combination, that offense level and criminal history yielded a sentencing range of 262 to 327 months. U.S.S.G. ch. 5, pt. A (sentencing table); *see* PSR at 16. At Tepper's July 13, 1993 sentencing, the district court agreed that Tepper was a career offender, adopted the PSR's guidelines calculations, and sentenced him to 262 months' imprisonment -- the bottom of the guidelines sentencing range. Sentencing Tr. 20-21.

In November 2007, the United States Sentencing Commission amended the drug quantity table's crack cocaine guideline, U.S.S.G. § 2D1.1, lowering by two levels the base offense levels for most crimes involving crack cocaine. *See* U.S.S.G. Supp. App. C, amend. 706, 711 (2007); *see also id.* amend. 715 (2008). In 2008, the Commission gave those amendments retroactive effect. *See id.* amend. 713, 716 (2008). In light of the amendments, Tepper filed a motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The district court denied the motion, holding that § 3582(c)(2) did not apply to Tepper's sentence because his sentencing range was based on the career offender provisions of U.S.S.G. § 4B1.1, not on the

recently-amended U.S.S.G. § 2D1.1. *United States v. Tepper*, Mem. Order at 1 (D.D.C. Dec. 12, 2008). This appeal followed.

II

Section 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[,] . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). As the text indicates, the district court may not reduce Tepper's sentence unless it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Because Tepper's appeal turns solely on the meaning of that statutory phrase, we review the question de novo. *See United States v. Cook*, 594 F.3d 883, 886 (D.C. Cir. 2010).

1. Tepper acknowledges that his "ultimate sentence was imposed pursuant to the § 4B1.1 career offender provision[,]" which has not been amended by the Commission. Appellant's Br. 6-7. Nonetheless, he argues that he falls within the ambit of § 3582(c)(2) because "his guideline sentencing calculation included the § 2D1.1 crack cocaine guideline which has been reduced." *Id.* at 7.

The problem with this argument is that, by its terms, § 3582(c)(2) applies only when a "sentencing range" -- not a "guideline" -- has been lowered. And nothing the Sentencing Commission did in 2007 or 2008 lowered the sentencing range upon which Tepper's original sentence was based. The amendment to U.S.S.G. § 2D1.1 did lower his drug-quantity-based offense level by two levels, and therefore lowered the total offense level that would have been applicable to Tepper were he not a career offender. But the career offender provision instructs the court to apply *its* offense level when it is greater than the otherwise applicable level. U.S.S.G. § 4B1.1(b). Because Tepper's career offender offense level (34) was greater than the level calculated using U.S.S.G. § 2D1.1 (32), the reduction in the latter did not even lower Tepper's offense level -- let alone his sentencing range. Because both his total offense level (34) and criminal history category (VI) remain the same, Tepper's sentencing range remains unchanged at 262 to 327 months.

2. Tepper protests that this analysis reflects too narrow a construction of the words "based on" in the phrase, "a term of imprisonment *based on* a sentencing range that has subsequently been lowered." Those words, he argues, should not be limited to the final steps in the calculation of the sentence. Rather, they "must be understood to encompass each guideline the sentencing judge calculated and considered" along the way. Appellant's Br. 10. This construction is appropriate, he contends, because the "Guidelines provide a specific sequence to follow in arriving at an ultimate sentence." *Id.* (citing U.S.S.G. § 1B1.1).

Tepper is certainly correct that the Guidelines instruct courts to follow a specific sequence. As is relevant here, this includes first determining the base offense level pursuant to the appropriate offense guideline section; then applying the adjustment for acceptance of responsibility; then determining

the defendant's criminal history as specified in part A of Chapter 4; and then applying the career offender provision in part B of Chapter 4. *See* U.S.S.G. § 1B1.1. Following this path, the PSR (and the district court, which adopted it) first determined that the applicable base offense level under the drug quantity table, U.S.S.G. § 2D1.1(c)(6), was 32. It then applied a 3-level downward adjustment for Tepper's acceptance of responsibility under U.S.S.G. § 3E1.1, yielding a total offense level of 29. Only thereafter did the PSR turn to the career offender provision of § 4B1.1, which yielded a total offense level (after adjustment) of 34, and a criminal history category of VI. Those, in turn, generated a guideline sentencing range of 262 to 327 months. *See* U.S.S.G. ch. 5, pt. A.

Tepper maintains that the Guidelines' sequencing provision means that his "sentence was based on more than simply the career offender range." Appellant's Br. 16. Rather, it "began with the § 2D1.1 provisions and, therefore, [was] based at least in part on [a] guideline that has now been reduced." *Id.* at 8. Tepper's argument faces two insurmountable obstacles.

First, we agree that a sentence "based on a sentencing range" is also based on the guideline calculations on which that sentencing range was itself founded in whole or in part. But as we held in *United States v. Cook*, the guideline calculation at issue must have actually played a role in *determining* that range. 594 F.3d at 888. It is not enough that a guideline was merely calculated or considered along the way. *Id.* at 888-89; *see United States v. Caraballo*, 552 F.3d 6, 9 (1st Cir. 2008) (rejecting the argument that a career offender's sentence was "based on" the crack guideline because it was "a way station along the road that the district court traveled in arriving at the appropriate sentencing range"). For that reason, *Cook* held that a defendant who was sentenced to a statutory mandatory minimum above the applicable guidelines range did not come

within the ambit of § 3582(c)(2), notwithstanding the amendment to the crack guidelines. 594 F.3d at 891. Although the sequencing provision of the Guidelines does require the court to calculate a sentencing range based on the crack guidelines, *see* U.S.S.G. § 1B1.1(g), Guideline § 5G1.1(b) then instructs the court to ignore the result of that calculation if the statutory mandatory minimum exceeds the guidelines range. The defendant's mandatory minimum sentence was not "based on" a guidelines sentencing range, we said, because "that sentence was determined independent of and rendered irrelevant [the] otherwise applicable guideline range." *Cook*, 594 F.3d at 888.

Similarly, there is no sense in which Tepper's sentencing range was determined -- either solely or partially -- by the crack guideline. After the court follows the steps that begin with that guideline, the career offender provision instructs it to disregard those steps and instead adopt the offense level for a career offender (if it is greater) and a criminal history category of VI. *See* U.S.S.G. § 4B1.1(b). Only after the court completes *that* step does the sequencing provision instruct it to "[d]etermine the guideline [sentencing] range . . . that corresponds to the offense level and criminal history category." *Id.* § 1B1.1(g).[1]

Second, for essentially the same reason, Tepper's argument again founders on the point discussed in Part II.1 above. Section 3582(c)(2) only authorizes a reduction for a term of imprisonment that was based on a sentencing range that "has subsequently been lowered." Because the crack guideline

---

[1]Hence, unlike the case of a mandatory minimum, where the court first calculates an otherwise applicable sentencing range that it discards if the mandatory minimum sentence is higher, *see* U.S.S.G. § 5G1.1(b), in the case of a career offender the court never calculates an otherwise applicable sentencing range at all.

played no role in determining Tepper's original sentencing range, the Commission's decision to lower that guideline did not lead to a lowering of his sentencing range.

3. Tepper raises two further arguments in support of the proposition that the amendment to the crack guidelines will lower his "ultimate sentence." Appellant's Reply Br. 5. First, he argues that in considering whether to depart from the sentencing range generated by the career offender guideline, as authorized under limited circumstances by U.S.S.G § 4A1.3, a sentencing court may consider the disparity between the higher range dictated by that guideline and the lower range that would otherwise apply. Noting that the reduction in the crack guideline creates an even greater disparity between those two ranges, he maintains that this increases the chance that the court will depart from the career offender range in a § 3582(c)(2) proceeding. Second, Tepper argues that the prospect that his sentence will ultimately be lowered has been further improved by the Supreme Court's decisions in *United States v Booker*, 543 U.S. 220, 245 (2005), which made the guidelines ranges advisory rather than mandatory, and *Kimbrough v. United States*, 552 U.S. 85, 91 (2007), which held that courts may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses in determining whether to vary from a guidelines range.

Both of these arguments ignore the statutory text. Again, § 3582(c)(2) authorizes a court to modify a sentence only for a defendant who was sentenced based on a "sentencing range" that has subsequently been lowered. Even if Tepper were correct that the reduction in the crack guideline would lead to lowering his ultimate sentence, that would not be because his original sentencing range was lowered. Rather, under his first argument it would be because the district court decided *to depart* from that

range, and under the second it would be because the court decided, post-*Booker*, *to vary* from that now advisory range.

But the bigger problem for both arguments is yet another Supreme Court decision, *Dillon v. United States*, which the Court handed down after Tepper submitted his briefs in this case. 130 S. Ct. 2683 (2010). In *Dillon*, the Court held that "[c]ourts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range.'" *Id.* at 2691 (quoting U.S.S.G. § 1B1.10(b)(2)(A)).[2] That is, in § 3582(c)(2) proceedings, courts generally may neither "depart from the amended Guidelines range," *id.* at 2693, nor "vary from" that range on the basis of *Booker* or *Kimbrough*, *id.* at 2690; *see id.* at 2691-93.

4. For the foregoing reasons, we conclude that § 3582(c)(2) does not authorize a district court to reduce a career offender's term of imprisonment based on the Sentencing Commission's amendments to the crack cocaine guidelines. In so holding, we join every court of appeals that has addressed the question. *See Caraballo*, 552 F.3d at 11 (1st Cir. 2009); *United States v. Martinez*, 572 F.3d 82, 85 (2d Cir. 2009); *United States v. Mateo*, 560 F.3d 152, 153 (3d Cir. 2009); *United States v. Tyler*, 301 F. App'x 265, 266 (4th Cir. 2008); *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009); *United States v. Perdue*, 572 F.3d 288, 293 (6th Cir. 2009); *United States v. Knox*, 573 F.3d 441, 450 (7th Cir. 2009); *United States v. Tingle*,

---

[2]They may do so "[o]nly if the sentencing court originally imposed a term of imprisonment below the Guidelines range," in which case they may "impose a term 'comparably' below the amended range." *Dillon*, 130 S. Ct. at 2691-92 (quoting U.S.S.G. § 1B1.10(b)(2)(B)). Tepper's sentencing court did not originally impose a sentence below the guidelines range.

524 F.3d 839, 840 (8th Cir. 2008); *United States v. Tupuola*, 587 F.3d 1025, 1026 (9th Cir. 2009); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008); *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008).

## III

The judgment of the district court, denying the appellant's motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2), is

*Affirmed.*