# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued May 18, 2010          Decided September 3, 2010

No. 09-3084

UNITED STATES OF AMERICA,
APPELLEE

v.

STEVEN BERRY, ALSO KNOWN AS RICARDO PUNCH,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:05-cr-00150-HHK-1)

*Mary Manning Petras*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A. J. Kramer*, Federal Public Defender.

*Sarah Chasson*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *Roy W. McLeese III*, *Mary B. McCord*, and *Rachel C. Lieber*, Assistant U.S. Attorneys.

Before: ROGERS, TATEL and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GRIFFITH.

Opinion concurring in the judgment filed by *Circuit Judge* ROGERS.

GRIFFITH, *Circuit Judge*: Steven Berry is serving a 168-month prison term for possession with intent to distribute crack cocaine. He appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (2006). For the reasons set forth below, we affirm.

## I.

## A.

The United States Sentencing Commission is charged with promulgating guidelines to assist district courts in imposing sentences. *See* 28 U.S.C. § 994(a)(1). To that end, the Commission publishes the United States Sentencing Commission Guidelines Manual ("Guidelines"), which establishes sentencing ranges based on the characteristics of the offense and offender. *See id.* § 994(b)(1); U.S. SENTENCING GUIDELINES MANUAL Ch. 1, Pt. A (2009) [hereinafter U.S.S.G.]. Although the Guidelines are only advisory, the sentencing court must "consult" them and "take them into account." *United States v. Booker*, 543 U.S. 220, 264 (2005). Indeed, the court must "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007); *see United States v. Motley*, 587 F.3d 1153, 1158 (D.C. Cir. 2009).

Broadly speaking, a defendant's sentencing range is based on two variables: the offense level (which largely reflects the nature and circumstances of the defendant's crime) and the criminal history category (based on the defendant's past criminal conduct). The Guidelines calculation begins with a determination of a base offense level for the offense of conviction. U.S.S.G. § 1B1.1(a), (b). When the offense, such

as Berry's, is a drug-trafficking crime, the type and weight of the drugs involved usually determine the base offense level. *See id.* § 2D1.1(a)(5), (c). The base offense level is then adjusted for various mitigating and aggravating factors to better reflect the nature of the offender's conduct and his acceptance of responsibility. *Id.* § 1B1.1(b)–(e). When the adjusted offense level is set, the court then establishes the defendant's criminal history category. *Id.* § 1B1.1(f). The Guidelines' Sentencing Table assigns a sentencing range for the resulting combination of offense level and criminal history category. *Id.* Ch. 5, Pt. A.

The Guidelines calculation deviates from this formula in the case of "career offenders."

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

*Id.* § 4B1.1(a); *see* 28 U.S.C. § 994(h). To determine the offense level for a career offender, the Guidelines require the court to first calculate an offense level without reference to the career-offender provisions. *See* U.S.S.G. § 4B1.1(b). Then the court determines a career-offender offense level, which is based solely on the statutory maximum prison term for the offense of conviction. *Id.* The career-offender offense level governs if it is greater than the offense level calculated without reference to the career-offender provision. *Id.* This system implements Congress's directive that, for career offenders, "the guidelines specify a sentence to a term of imprisonment at

or near the maximum term authorized." 28 U.S.C. § 994(h); *see* U.S.S.G. § 4B1.1 cmt. background.

As part of the Congressionally mandated periodic revision of the Guidelines, *see* 28 U.S.C. § 994(*o*), in 2007 the Commission adopted Amendment 706, which reduced the disparity between sentences for cocaine offenses and crack-cocaine offenses by lowering the offense levels associated with given quantities of crack cocaine by two points. *See* U.S.S.G. supp. app. C, amend. 706 (Nov. 1, 2007). For example, before the amendment, a defendant responsible for between 150 and 500 grams of crack cocaine received a base offense level of 34. *See* U.S.S.G. § 2D1.1(c)(3) (2006). After the amendment, a defendant responsible for the same amount of crack cocaine receives a base offense level of 32. U.S.S.G. § 2D1.1(c)(4). These lower base offense levels can translate into lower sentencing ranges.

The Commission made Amendment 706 retroactive, U.S.S.G. supp. app. C, amend. 713 (Mar. 3, 2008), which in turn made some defendants convicted of crack-cocaine offenses eligible for sentence reductions under 18 U.S.C. § 3582(c)(2). *See Dillon v. United States*, 130 S. Ct. 2683 (2010). Section 3582(c)(2) authorizes the district court to reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Because Amendment 706 only reduced offense levels based on drug quantities, it had no impact on sentencing ranges determined by the career-offender guideline, which are a function of the statutory maximum penalty for the offense of conviction. *See United States v. Tepper*, No. 08-3115, slip op.

at 4–5 (D.C. Cir. Aug. 6, 2010). Accordingly, crack-cocaine offenders sentenced to a term of imprisonment within a career-offender range cannot rely on Amendment 706 to obtain a sentence reduction under § 3582(c)(2). *Id.* at 4–8.

**B.**

In July 2006, Berry pled guilty to one count of possession with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). The Probation Office determined that Berry was a career offender subject to an advisory Guidelines range of 262 to 327 months' imprisonment. Presentence Investigation Report (PSR) ¶¶ 21, 53. At sentencing, defense counsel conceded that Berry was subject to this career-offender range. *See* Def.'s Mem. in Aid of Sentencing at 1–2. The district court also concluded that this was Berry's sentencing range. *See* Statement of Reasons Accompanying the Judgment of Conviction.

In Berry's plea agreement, the government assented to a prison term of 168 months, well below the career-offender range. The plea was entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which allows the prosecutor and the defendant to agree to a sentence that the district court must impose if it accepts the plea. FED. R. CRIM. P. 11(c)(1)(C) (explaining that the parties' sentencing request "binds the court once the court accepts the plea agreement"); *see United States v. Goodall*, 236 F.3d 700, 703, 705 (D.C. Cir. 2001) (holding that district courts have "broad discretion" in considering whether to accept a Rule 11(c)(1)(C) plea agreement but that "failure to abide by the terms of that agreement" once accepted "constitutes reversible error"). The district court accepted the Rule 11(c)(1)(C) plea and, in accordance with its terms, sentenced Berry to 168 months' imprisonment in 2007.

The record before us does not explain how the parties arrived at the term of 168 months. According to Berry, had he not been a career offender, his sentencing range would have been 168 to 210 months. Appellant's Br. at 7–8; *see* PSR ¶¶ 20, 22, 32; U.S.S.G. Ch. 5, Pt. A. He derives this alternative range using the base offense level corresponding to the quantity of drugs involved in his offense. *See* Appellant's Br. at 7. He avers that the proposed prison term of 168 months reflected the parties' agreement that his sentence be at the low end of this alternative range, *see id.*, which we refer to as the "non-career range." The government does not concede the accuracy of Berry's account but provides no explanation of its own.

In 2008, Berry sought to take advantage of the retroactive application of Amendment 706 and moved in the district court for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court summarily denied the motion. *United States v. Berry*, No. 05-00150 (D.D.C. Aug. 11, 2009). Berry appeals. We have jurisdiction under 28 U.S.C. § 1291. *United States v. Cook*, 594 F.3d 883, 885 (D.C. Cir. 2010). Because the issues involved present questions of law, our review is de novo. *See id.* at 886.

## II.

A defendant must meet two requirements to be eligible for a sentence reduction under § 3582(c)(2). First, the defendant must have been sentenced "based on a sentencing range that has subsequently been lowered." 18 U.S.C. § 3582(c)(2). Second, a reduction in the defendant's sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The parties in this case focused their arguments on the first requirement. They dispute when, if ever, a defendant who enters a Rule 11(c)(1)(C) plea agreement is sentenced "based

on a sentencing range." Courts are divided on this issue. *See United States v. Williams*, 609 F.3d 368, 371–72 (5th Cir. 2010) (describing the conflicting conclusions of different courts of appeals). The government would have us hold that a sentence entered in accordance with a Rule 11(c)(1)(C) plea agreement is "based on" only that agreement. *See, e.g.*, *United States v. Scurlark*, 560 F.3d 839, 842 (8th Cir. 2009). Berry urges a broader view, arguing that when the sentence the parties specify in a Rule 11(c)(1)(C) plea is determined in accordance with a sentencing range, the sentence is "based on a sentencing range." *See, e.g.*, *United States v. Cobb*, 584 F.3d 979, 985 (10th Cir. 2009). We need not resolve this debate here.

Instead, we focus on the statute's second requirement: that any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). We conclude that one such policy statement, found in § 1B1.10 of the Guidelines, prohibits a sentence reduction in Berry's case. Accordingly, we affirm the denial of his motion for a reduced sentence on this ground. In so doing, we do not address what Berry's sentence was "based on" or in what circumstances, if any, a defendant who enters a Rule 11(c)(1)(C) plea agreement is sentenced "based on" a particular sentencing range. 18 U.S.C. § 3582(c)(2).*

Neither party raised arguments addressing § 1B1.10, perhaps because when they briefed and argued this case there was some question as to whether that section, which applies only in § 3582(c)(2) proceedings, was binding or advisory. A

---

\* Our concurring colleague would hold that a defendant sentenced under a Rule 11(c)(1)(C) plea can show he was sentenced "based on a sentencing range" if, at a minimum, the judgment of conviction or the plea agreement specifically so states. *See* Concurring Op. at 1. We express no view on this point.

panel of the Ninth Circuit had held that at least certain aspects of § 1B1.10 were advisory. *United States v. Hicks*, 472 F.3d 1167, 1173 (9th Cir. 2007). After oral argument in this appeal, the Supreme Court unequivocally rejected that position. *See Dillon*, 130 S. Ct. at 2692. It is now clear that "[a] court must first determine that a reduction is consistent with § 1B1.10" before granting a sentence reduction under § 3582(c)(2). *Id.* at 2691; *see United States v. Flemming*, No. 09-2726, slip op. at 18 & n.11 (3d Cir. July 27, 2010).

Though we are wary of resolving a question not fully briefed and argued, we exercise our discretion to do so here. "When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991); *see United States v. Harrison*, 204 F.3d 236, 240 (D.C. Cir. 2000). This appeal concerns Berry's eligibility for a sentence reduction under § 3582(c)(2), and we think it fit to address the clear instruction of the statute and of *Dillon* that such eligibility turns on whether a reduction is consistent with the Guidelines policy statement.

Section 1B1.10(a)(2)(B) of the Guidelines prohibits sentence modifications under § 3582(c)(2) if a retroactive Guidelines amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Thus, the issue we must address is whether Amendment 706 has "the effect of lowering" Berry's "applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). If it does not, a sentence reduction "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." *Id.* § 1B1.10(a)(2).

In this case, we have two candidates for Berry's "applicable guideline range." One is the career-offender range of 262 to 327 months. That is the guideline range the district court determined applied to Berry's case, a determination Berry conceded was correct. Because Amendment 706 does not lower the career-offender range, Berry is ineligible for a sentence reduction if this is his "applicable guideline range." *See, e.g.*, *United States v. Corber*, 596 F.3d 763, 768 (10th Cir. 2010). The alternative is the non-career range of 168 to 210 months. That is the range, determined in accordance with the Guidelines applicable to defendants who are not career offenders, that Berry alleges the parties used in selecting the 168-month sentence in their Rule 11(c)(1)(C) plea agreement. As explained above, Amendment 706 does lower this range. If the non-career range is Berry's "applicable guideline range," he might be eligible for a sentence reduction.

Berry does not contend that the non-career range results from the correct application of the Guidelines to his case. To the contrary, he admits this range results only if one ignores the career-offender provisions of the Guidelines. *See* Appellant's Br. at 7–8 ("Mr. Berry's guideline sentencing range was 168 to 210 months . . . *without application of the career offender guideline provisions*." (emphasis added)). To hold Berry eligible for a sentence reduction would require the conclusion that his "applicable guidelines range" could be determined by the parties' negotiation, and not by the Guidelines. This is not a sound result.

In this case, we conclude that the "applicable guideline range" referenced in § 1B1.10 is that produced from the correct application of the Guidelines, *see Corber*, 596 F.3d at 768, which, for Berry, is the career-offender range. Although the phrase "applicable guideline range" is not defined in § 1B1.10, we may glean its meaning from its uses elsewhere in

the Guidelines, as courts generally presume a term to have the same meaning everywhere it appears in the same legislation, *see, e.g.*, *Goldstein v. SEC*, 451 F.3d 873, 882 (D.C. Cir. 2006), a presumption that extends to the Guidelines, *see, e.g.*, *United States v. Perez*, 366 F.3d 1178, 1182 (11th Cir. 2004); *United States v. Honken*, 184 F.3d 961, 969 (8th Cir. 1999); *United States v. Poff*, 926 F.2d 588, 591 (7th Cir. 1991) (en banc). Most useful is the term's appearance in § 5C1.1(a), which provides that "[a] sentence conforms with the guidelines for imprisonment if it is within the minimum and maximum terms of the applicable guideline range." If a guideline-conforming sentence is defined as one within "the applicable guideline range," it must be the case that "the applicable guideline range" is the product of conforming to the Guidelines' instructions. A contrary conclusion would be nonsensical: how could a guideline-conforming sentence result from *not* conforming to the Guidelines' instructions? Similarly, Chapter 5 of the Guidelines repeatedly uses "applicable guideline range" to describe the guideline range resulting from application of steps (a) through (g) of the Guidelines' Application Instructions in § 1B1.1. U.S.S.G. § 5B1.1(a)(1), (2); *id.* § 5C1.1(b), (c), (d), (f); *id.* § 5G1.1(a), (b), (c); *see Cook*, 594 F.3d at 887 & nn.1–2; *see also United States v. Munn*, 595 F.3d 183, 192 (4th Cir. 2010) (explaining that a court arrives at the defendant's "applicable guideline range" after proceeding through steps (a) through (g) of the Application Instructions). Once again we see that the "applicable guideline range" is the product of, not surprisingly, applying the Guidelines as they are meant to be applied. In this case, such application yielded the career-offender range.

In sum, for Berry, the "applicable guideline range" for the purposes of § 1B1.10 is the career-offender range, and not the non-career range. Because Amendment 706 does not lower his applicable guideline range, Berry is ineligible for a sentence

11

reduction under § 3582(c)(2). *See* § 1B1.10(a)(2)(B); *Dillon*, 130 S. Ct. at 2691.

## III.

The order of the district court denying Berry's motion for a reduced sentence is

*Affirmed.*

ROGERS, *Circuit Judge*, concurring in judgment: Although I concur in the judgment affirming the district court's denial of Berry's motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), I do so on different grounds. The record indicates that the district court did not impose a sentence based on the sentencing range under the United States Sentencing Guidelines for either a non-career offender or a career offender. Rather, the district court calculated the career offender sentencing range under the Guidelines and then expressly stated that it was departing from that range and imposing the 168 month term of imprisonment set forth in the plea agreement, which the district court had accepted. *See* Judgment Statement of Reasons; FED. R. CRIM. P. 11(c)(1)(C)(4). Nor did the plea agreement state that the term of imprisonment was based on a guideline sentencing range.

In these circumstances, where the district court has calculated a guideline sentencing range and then departed from it and imposed a sentence based on the term of imprisonment set forth in the plea agreement, the defendant is ineligible for relief pursuant to 18 U.S.C. § 3582(c)(2) "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See United States v. Bride*, 581 F.3d 888, 891 (9th Cir. 2009); *United States v. Main*, 579 F.3d 200, 203 (2d Cir. 2009); *see also United States v. Garcia*, 606 F.3d 209, 214 (5th Cir. 2010). Because neither the Judgment nor the plea agreement indicate that Berry's sentence of 168 months' imprisonment was based on a guideline sentencing range, the court has no occasion to decide under what circumstances a defendant sentenced pursuant to a Rule 11(c)(1)(C) plea agreement may be eligible for relief under section 3582(c)(2). *See* Op. at 11.