**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                )
**UNITED STATES OF AMERICA**      )
                                )
              v.                ) Criminal Action No. 05-100-16 (RWR)
                                )
**JOSEPH JONES,**                 )
                                )
              Defendant.         )
_____)


**MEMORANDUM ORDER**

Defendant Joseph Jones moves *pro se* under 18 U.S.C. § 3582(c) for a reduction of his sentence for distributing crack cocaine claiming that the sentencing guidelines range upon which his sentence was based was later lowered and made retroactive to his case by Amendment 750 to the U.S. Sentencing Guidelines ("U.S.S.G."). Pet. for Reduction of Sentence under the Fair Sentencing Act of 2010 ("Def's Mot. to Reduce") at 1. The government opposes Jones' motion arguing that Jones is not eligible for a reduced sentence under Amendment 750 because his sentence was based upon his "career offender" status for which the sentencing guidelines range was not lowered. Gov't Opp'n to Def.'s Pet. for Reduction of Sentence under the Fair Sentencing Act of 2010 ("Gov't Opp'n") at 1, 4-5. Because the factors under 18 U.S.C. § 3553(a) that must be considered in deciding

Jones' reduction motion were fully considered when Jones was given his original sentence which reflected a downward departure from the then-applicable sentencing range and do not weigh in favor of reducing Jones' sentence further, the motion will be denied.

A jury found Jones guilty of two counts of unlawful distribution of less than 5 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). See Judgment, ECF No. 1269 at 1. The applicable guidelines range for Jones at the time of sentencing was 324 to 405 months of imprisonment based upon Jones' status as a career offender under U.S.S.G. § 4B1.1 with an offense level of 36 and a criminal history category of VI. See Jones' Presentence Investigation Report ("PSR") at ¶ 77; United States v. Ball et al., 962 F. Supp. 2d. 11, 13 (D.D.C. 2013) ("[Jones'] guidelines range was 324 to 405 months imprisonment."). However, the Court departed downward from the applicable range to the range of 168 to 210 months represented by an offense level of 31 and a criminal history category of V. See 5/1/2008 Sentencing Tr., ECF No. 1281 at 52:2-12. The departure resulted from concerns about the disparity between crack cocaine and powder cocaine sentencing penalties at the time, concerns about how the high criminal history category and sentencing range overrepresented the gravity of his conviction record and quantity of crack the jury found that he sold, and

consideration of mitigating factors in his background.  See id. at 47:1-50:25; see also United States v. Jones, 744 F.3d 1362, 1366 (D.C. Cir. 2014) ("The court then . . . [departed] below the Guidelines due to concerns about the overall severity of punishments for crack offenses and considerations related to Jones's background and crimes more particularly.").  Jones was sentenced on May 1, 2008 to 180 months of imprisonment.  Jones appealed his sentence to the D.C. Circuit, which held that the sentence did not violate Jones' Sixth Amendment Rights.  United States v. Jones, 744 F.3d 1362, 1370 (D.C. Cir. 2014).  Now, Jones seeks to have his sentence reduced since the crack cocaine sentencing penalties that were lowered after he was sentenced have been made retroactive.

District courts may modify sentences only in limited circumstances.  Under 18 U.S.C. § 3582(c)(2), a district court may modify a term of imprisonment

> in the case of a defendant who has been sentenced to a
> term of imprisonment based on a sentencing range that
> has subsequently been lowered by the Sentencing
> Commission . . . , upon motion of the defendant . . .
> after considering the factors set forth in section
> 3553(a) to the extent they are applicable, if such a
> reduction is consistent with applicable policy
> statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  The Fair Sentencing Act of 2010 and Amendment 750 to the sentencing guidelines lowered the sentencing range for drug offenses involving crack cocaine.

U.S.S.G. App. C., Vol. III, Amend. 750 ("Amend. 750"). However, Amendment 750 states that crack cocaine sentences imposed "pursuant to §§ 4B1.1 (Career Offender) and 4B1.4 (Armed Career Offender) . . . result in sentencing guideline ranges that are unaffected by a reduction in the Drug Quantity Table." Id.

The parties divide principally over whether Jones is eligible for a sentence reduction. The government argues that Jones is ineligible under § 3582(c)(2) for a sentence reduction in part because his sentence was not based upon a sentencing range that has subsequently been lowered, a prerequisite to modifying a sentence under § 3582(c). Rather, the government asserts, Jones was sentenced based upon the sentencing range that resulted from the application of the career offender guideline adjustment, a range that has not been lowered. Gov't Opp'n at 3.[1] According to the government, Jones' claim is foreclosed by United States v. Tepper, 616 F.3d 583 (D.C. Cir. 2010), and United States v. Berry, 618 F.3d 13 (D.C. Cir. 2010). Id. Tepper held that the "based on" language in 18 U.S.C. § 3582(c) "does not authorize a district court to reduce a

_____

[1] The government misspeaks since Jones' sentence was not based upon the applicable career offender sentencing guidelines range of 324 to 405 months associated with an offense level of 36 and a criminal history category of VI. As is stated above, Jones' sentence was based upon the sentencing range of 168 to 210 months associated with an offense level of 31 and a criminal history category of V.

career offender's term of imprisonment based on the Sentencing Commission's amendments to the crack cocaine guidelines" where, unlike here, the sentence was imposed within the applicable career offender sentencing range.  616 F.3d at 585-588.  And Tepper does not erect an absolute bar preventing all career offenders from seeking § 3582(c)(2) relief.  Id. at 588 n.2.  The opinion notes that Tepper's sentencing court did not impose the original sentence below the applicable career offender guidelines range, and then explains that when a sentencing court imposes a sentence below the guidelines range and the guidelines range is amended, the sentencing court may impose a new sentence that is comparably below the amended guidelines range.  Id. (citing Dillon v. United States, 560 U.S. 817, 827 (2010)).

Nor does Berry seem to present an insurmountable hurdle to Jones.  Berry held that for a defendant who concededly was a career offender but received an agreed-upon sentence under Fed. R. Crim. P. 11(c)(1)(C)[2] below the career offender sentencing range, the applicable guideline range for the purposes of a § 3582(c)(2) sentence reduction is the career-offender range.  Berry, 618 F.3d at 18.  But Berry left open the possibility, by explicitly declining to hold to the contrary, that a career

_____

[2] The rule "allows the prosecutor and the defendant to agree to a sentence that the district court must impose if it accepts the plea."  Berry, 618 F.3d at 16.

offender sentenced outside the career offender guideline range was indeed sentenced under some guideline range that could be subject to being lowered, which could make such a defendant eligible to seek a reduction under § 3582(c). Id. at 16-17. And Jones cites United States v. Cardosa, 606 F.3d 16 (1st Cir. 2010), which held that career offender status does not foreclose a reduction in sentence when, as here, the original sentencing judge bases a sentence upon a departure from the career offender guidelines. 606 F.3d at 21; Def.'s Mot. to Reduce at 3.

There is no need to resolve the question of Jones' eligibility under § 3582(c)(2) for a sentence reduction because no sentence reduction is warranted here under the 18 U.S.C. § 3553(a) factors that § 3582(c)(2) requires a court to consider. Those factors include, among others, "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "the need for the sentence imposed to afford adequate deterrence to criminal conduct," and "the need to protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a).

At sentencing, the Court considered all of those factors and others. Jones, along with at least twelve others, sold crack cocaine in the Congress Park neighborhood of the District

of Columbia from 1992 to 2005.  See 5/1/2008 Sentencing Tr. at 50:7-13; PSR ¶¶ 6, 19-49.  This drug trafficking endangered the community and aided the addiction of an untold number of people in the District of Columbia area.  Jones also participated in a variety of violent acts in furtherance of this concerted drug trafficking activity.  See 5/1/2008 Sentencing Tr. at 50:7-13, 51:1-2; PSR ¶¶ 41-43.  However, as is stated above, the Court also considered the unwarranted disparity between crack cocaine and powder cocaine sentencing penalties, how the high career criminal history category and sentencing range overrepresented the gravity of Jones' conviction record and quantity of crack that the jury found Jones had sold, and mitigating factors in Jones' background.  The Court found a downward departure to a sentence of 180 months of imprisonment to be fair and just after considering all § 3553(a) factors, fully anticipating that Jones would heed the Court's admonition to try to improve himself.  He has submitted evidence that he has commendably done so, although that evidence does not warrant a further reduction of his sentence.[3]  Therefore, it is hereby

---

[3] These reasons yield the same result when construing this *pro se* motion liberally, see, e.g., Brown v. Dist. of Columbia, 514 F.3d 1279, 1283 (D.C. Cir. 2008) ("'[A] document filed *pro se* is to be liberally construed[.]'" (quoting Erickson v. Pardus, 551 U.S. 89 (2007)), as also seeking relief under later reductions in the crack cocaine sentencing guidelines that were made retroactive to Jones' case.  See U.S.S.G. Supp. to App. C., Amends. 782 and 788.

ORDERED that Jones' Petition for Reduction of Sentence under the Fair Sentencing Act of 2010 [1531] be, and hereby is, DENIED.

SIGNED this 16th day of March, 2015.

                                        _____/s/_____
                                        RICHARD W. ROBERTS
                                        Chief Judge