# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Submitted May 29, 2018          Decided June 15, 2018

No. 17-3095

UNITED STATES OF AMERICA,
APPELLEE

v.

ERNEST AKERS, ALSO KNOWN AS LEROY COE,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:11-cr-00313-1)

*Ernest Akers*, *pro se*, filed the brief for appellant.

Before: MILLETT, PILLARD, and KATSAS, *Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: Ernest Akers, proceeding *pro se*, appeals the district court's order denying his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). We affirm.

In 2012, Akers pleaded guilty to unlawful distribution of more than 28 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). Because this was Akers' third

conviction for a felony controlled-substance offense, his offense level and criminal history were calculated under the career-offender provision of the Sentencing Guidelines, U.S.S.G. § 4B1.1, which yielded an advisory sentencing range of 188-235 months of imprisonment. However, under Federal Rule of Criminal Procedure 11(c)(1)(C), Akers and the government entered into a plea agreement providing for a sentence of 156 months. Under that rule, a district court must impose a sentence agreed upon by the parties if it accepts a plea agreement. Here, the district court accepted the plea agreement, departed from the Guidelines, and imposed the agreed-upon sentence of 156 months.

In 2016, Akers moved to reduce his sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines. This amendment, which took effect on November 1, 2014 and applies retroactively, reduced by two levels the base offense level for most drug-trafficking offenses, including the offense of which Akers was convicted. *See* U.S.S.G. app. C, amends. 782 (reduction), 788 (retroactivity). The district court denied Akers' motion, concluding that Akers was ineligible for a sentence reduction because Amendment 782 did not lower the sentencing range applicable to career offenders. Akers appealed, and our review is *de novo*. *See United States v. Berry*, 618 F.3d 13, 16 (D.C. Cir. 2010).

A court may reduce a sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also In re Sealed Case*, 722 F.3d 361, 364 (D.C. Cir. 2013). Although Akers' sentence was "based on" the Sentencing Guidelines, *see Hughes v. United States*, 584 U.S. —, No. 17-155, slip op. at 9 (June 4, 2018), the applicable sentencing range still was not

"subsequently . . . lowered" by the Sentencing Commission. In this appeal, Akers does not challenge the district court's determination that he is a career offender. The career-offender guideline "requires taking the greater offense level between the offense level calculated independent of § 4B1.1, and the career offender offense level, which is based on the statutory maximum." *United States v. Lawrence*, 662 F.3d 551, 559 (D.C. Cir. 2011). Where, as here, the career-offender provision produces a higher offense level, the court calculates the defendant's sentencing range by "adopt[ing] the offense level for a career offender . . . and a criminal history category of VI." *United States v. Tepper*, 616 F.3d 583, 587 (D.C. Cir. 2010).

Amendment 782, however, did not lower the offense levels applicable to career offenders. Rather, it impacted only offense levels calculated under the drug trafficking guideline, U.S.S.G. § 2D1.1. Accordingly, the drug trafficking guideline "played no role in determining" Akers' sentencing range. *Tepper*, 616 F.3d at 587. Thus, the fact that Amendment 782 lowered the sentencing range for Akers' underlying offense does not support a sentence reduction under Section 3582(c)(2). *See id.* (finding defendant ineligible for sentence reduction when sentencing range was determined by career-offender provision, not crack cocaine guideline amended by Sentencing Commission).

Moreover, a reduction of Akers' sentence would not be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The governing policy statement is entitled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range." In relevant part, it provides that, "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual[,] . . . any

such reduction in the defendant's term of imprisonment shall be consistent with this policy statement." U.S.S.G. § 1B1.10(a)(1). The statement further provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [an applicable amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A defendant's "applicable guideline range" is the one "produced from the correct application of the Guidelines," which, in Akers' case, is the career-offender range. *See Berry*, 618 F.3d at 18. Because Amendment 782 does not lower the career-offender range, a sentence reduction would be inconsistent with the above policy statement. *See id.* at 17-18 (because amendment did not lower career-offender guideline, reduction in sentence was inconsistent with Guidelines Section 1B1.10(a)(2)(B) and thus unauthorized by 18 U.S.C. § 3582(c)(2)).

We therefore hold that Akers was ineligible for a sentence reduction under Section 3582(c)(2), because Amendment 782 did not lower the sentencing range in the career-offender provision of the Sentencing Guidelines. In so doing, we join our sister circuits that have addressed this issue. *See*, *e.g.*, *United States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014) (per curiam) ("Amendment 782 . . . did not lower the sentencing range established for a career offender by § 4B1.1."); *see also United States v. Martin*, 867 F.3d 428, 433 (3d Cir. 2017) (same); *United States v. Quintanilla*, 868 F.3d 315, 321 (5th Cir. 2017) (per curiam) (same); *United States v. Smith*, 814 F.3d 802, 804 (6th Cir. 2016) (per curiam) (same). The district court's order denying Akers' motion for a sentence reduction is affirmed.