**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7275**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MALCOLM CARL YOUNG,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Glen E. Conrad, District Judge.  (5:09-cr-00036-GEC-1)

Submitted:  May 31, 2019                                Decided:  June 11, 2019

Before MOTZ and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Juval O. Scott, Federal Public Defender, Christine Madeleine Lee, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant.  Thomas T. Cullen, United States Attorney, Roanoke, Virginia, Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2009, Malcolm Carl Young pled guilty, pursuant to a written Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). Because Young had four prior convictions for a crime of violence or a controlled substance offense, the district court classified him as a career offender. U.S. Sentencing Guidelines Manual § 4B1.1 (2009). His Sentencing Guidelines range was 188 to 235 months. As part of the Rule 11(c)(1)(C) plea agreement, the parties agreed that Young would serve a sentence between 200 and 220 months. The district court sentenced Young to 210 months in prison. Young now appeals the district court's order denying his subsequent 18 U.S.C. § 3582(c)(2) (2012) motion for reduction of sentence pursuant to Sentencing Guidelines Amendment 782. We affirm.

Young contends that the district court erred in denying him a sentence reduction under Amendment 782, which reduced offense level drug amounts in USSG § 2D1.1. Amendment 782, however, affects neither the career offender Guidelines nor Young's Guidelines range, as Young admits. Rather, he argues on appeal, as he did below, that the Supreme Court's recent decision in *Hughes v. United States*, 138 S. Ct. 1765, 1775 (2018) (holding that if Rule 11(c)(1)(C) agreement is based on Sentencing Guidelines range, *i.e.*, if range was part of framework upon which district court relied in imposing sentence, defendant may be eligible for sentence reduction), supports his claim for relief. Young argues that, in light of *Hughes*, the district court could still consider the lowered offense level and the rule of lenity to sentence him to 188 months.

2

We review the denial of a § 3582(c)(2) motion for a sentence reduction for abuse of discretion. *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). "We review the district court's ruling as to the scope of its legal authority under § 3582(c)(2) de novo. Finally, we review factual determinations . . . for clear error." *United States v. Peters*, 843 F.3d 572, 577 (4th Cir. 2016) (internal citation omitted).

A sentence reduction is not authorized if a Guidelines amendment "does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B). Amendment 782 has no effect on Young's Guidelines range—as he admits—because that amendment did not change the career offender enhancement in USSG § 4B1.1. Moreover, other circuit courts have rejected similar arguments post-*Hughes*. *See United States v. Akers*, 892 F.3d 432, 434 (D.C. Cir. 2018) (joining other circuits in holding that Amendment 782 does not affect career offender Guidelines range).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*