**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 3, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CLIFFORD A. DODDS,

    Defendant - Appellant.

No. 19-3077
(D.C. No. 2:13-CR-20043-CM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Clifford A. Dodds appeals from a district court order dismissing his motion for a

sentence reduction.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

Mr. Dodds pled guilty to drug and firearm offenses.  In the plea agreement

entered into under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

Mr. Dodds should be sentenced to 210 months in prison. The Presentence Investigation Report ("PSR") determined that Mr. Dodds was a career offender under United States Sentencing Guideline ("U.S.S.G.") § 4B1.1[1] and that his sentencing range should be 262 to 327 months. Nevertheless, the district court accepted the Rule 11(c)(1)(C) plea agreement and sentenced Mr. Dodds to 210 months. He did not file a direct appeal.

Mr. Dodds moved under 28 U.S.C. § 2255 for habeas relief, asserting his counsel was ineffective because he failed to object to the PSR's determination that his prior convictions qualified him as a career offender under § 4B1.1. The district court denied this claim. This court denied Mr. Dodds a certificate of appealability ("COA") for appellate review.

Mr. Dodds next moved under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 782 to the Guidelines and *Hughes v. United States*, 138 S. Ct. 1765 (2018). The district court denied the motion, holding that neither Amendment 782 nor *Hughes* affects sentences based on § 4B1.1, the career offender Guideline.

---

[1] U.S.S.G. § 4B1.1(a) states:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

## II. **DISCUSSION**

On appeal, Mr. Dodds argues he was not sentenced as a career offender and that *Hughes* authorizes a sentence reduction under Amendment 782 because he entered into a Rule 11(c)(1)(C) binding plea agreement. Aplt. Br. at 2.

### A. ***Legal Background***

Title 18 U.S.C. § 3582(c)(2) authorizes a sentence reduction for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

Amendment 782 lowered the offense levels under U.S.S.G. § 2D1.1.[2] It reduced by two levels the base offense levels of crimes involving many of the controlled substances listed in the Guidelines' Drug Quantity Table in § 2D1.1(c). *See* U.S.S.G. app. C, Amend. 782;[3] *United States v. Green*, 886 F.3d 1300, 1302 (10th Cir. 2018). But it did not lower the sentencing range for § 4B1.1 career offenders. *See United States v. Akers,* 892 F.3d 432, 433 (D.C. Cir. 2018).

In *Hughes*, the Supreme Court said a defendant may seek § 3582(c)(2) relief on the ground he entered into a plea agreement under Fed. R. Crim. P. 11(c)(1)(C). 138 S.

---

[2] "This amendment revises the guidelines applicable to drug trafficking offenses by changing how the base offense levels in the Drug Quantity Table in § 2D1.1 . . . incorporate the statutory mandatory minimum penalties for such offenses." U.S.S.G. app. C, Amend. 782, comment. (effective Nov. 1, 2014).

[3] U.S.S.G. § 2D1.1(c) contains a Drug Quantity Table that sets the base offense level for possession of various drug quantities.

Ct. at 1778. But it also recognized that § 3582(c)(2) authorizes a sentence reduction "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* at 1775 (quoting 18 U.S.C. § 3582(c)).

*Hughes* clarified that Rule 11(c)(1)(C) plea agreements are "based on" a Guidelines range—and therefore eligible for § 3582(c)(2) relief—if the Guidelines range "was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Id.* Because "the Sentencing Guidelines prohibit district courts from accepting [Rule 11(c)(1)(C)] agreements without first evaluating . . . the defendant's Guidelines range," the Court held that "in the usual case . . . the sentence to be imposed pursuant to [a Rule 11(c)(1)(C)] agreement [is] 'based on' the defendant's Guidelines range." *Id.* at 1776.

But if the record clearly indicates that an amended "Guidelines range was not a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement, . . . the defendant's sentence was not based on that sentencing range, and relief under § 3582(c)(2) is unavailable." *Id.* (quotations and citations omitted).

B. *Analysis*

Mr. Dodds argues he was not sentenced as a career offender because he was sentenced to 210 months under a "[Rule] 11(c)(1)(C) binding plea." Aplt. Br. at 2. Even if this were so, he would be eligible for a sentence reduction under § 3582(c)(2) only if his sentence were "based on a sentencing range that [was] subsequently . . . lowered by

4

the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Our § 3582(c)(2) analysis must focus, therefore, on "the reasons for the sentence that the district court imposed, not the reasons for the parties' plea agreement." *Hughes*, 138 S. Ct. at 1776. The only sentencing range the court relied on at Mr. Dodds's sentencing hearing was for a career offender, and Amendment 782 did not lower the career offender Guideline.

The record shows the district court calculated the advisory Guidelines range of 262 to 327 months using the career offender Guideline, U.S.S.G. § 4B1.1. The court ultimately sentenced Mr. Dodds to 210 months after determining that "a variance would be appropriate in this case from the guideline range sentence." ROA, Vol. 1 at 81. The court never mentioned or applied § 2D1.1(c). In other words, the court looked to the Guideline range for § 4B1.1 career offender status, which falls outside Amendment 782's coverage. This leaves Mr. Dodds with no basis to argue for a sentence reduction under § 3582(c)(2) or Amendment 782.

Although *Hughes* recognized that Rule 11(c)(1)(C) plea agreements are often "based on" the defendant's Guidelines range for the purposes of a § 3582(c) motion, *see* 138 S. Ct. at 1776, the Court also acknowledged the statutory requirement that, to qualify for a sentence reduction, the defendant's sentence also must be "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3852(c)(2). That requirement was satisfied in *Hughes* because the district court calculated the Guidelines sentencing range using the drug quantity Guidelines, which were later revised under Amendment 782. *See* Sentencing Hearing Transcript, *United*

5

*States v. Hughes*, No. 4:13-CR-043-01-HLM-WEJ (N.D. Ga. Nov. 6, 2015), Dist. Ct. Doc. 106 at 5-6; *see also Hughes*, 138 S. Ct. at 1778.

Here, neither the plea agreement, the change of plea transcript, nor the sentencing transcript even mentioned the drug quantity Guidelines. The district court calculated a Guidelines range using the § 4B1.1 career offender Guideline. It then varied downward from that range to reach the sentence the parties agreed to in the plea agreement. Amendment 782 does not affect § 4B1.1. Accordingly, Mr. Dodds's sentence was not "based on a sentencing range that [was] subsequently . . . lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

## III. CONCLUSION

The district court correctly determined it lacked authority under § 3582(c)(2) to reduce Mr. Dodd's sentence. We affirm the district court's judgment.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

6