**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 22, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

      v.

TERRY L. CORBER,

        Defendant - Appellant.

No. 09-3006

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D. Ct. No. 5:04-CR-40003-SAC-01)**

---

Kirk C. Redmond, Assistant Federal Public Defender (Cyd Gilman, Federal Public Defender, with him on the brief), Office of the Federal Public Defender for the District of Kansas, Topeka, Kansas, appearing for Appellant.

James A. Brown, Assistant United States Attorney (Marietta Parker, Acting United States Attorney, with him on the brief), Office of the United States Attorney for the District of Kansas, Topeka, Kansas, appearing for Appellee.

---

Before **TACHA**, **HOLLOWAY**, and **GORSUCH**, Circuit Judges.

---

**TACHA**, Circuit Judge.

Defendant-appellant Terry L. Corber appeals from the district court's

dismissal of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).  The

district court reasoned that it lacked authority to grant a sentence reduction because Mr. Corber's sentence was based on the career-offender provision of the United States Sentencing Guidelines, *see* U.S.S.G. § 4B1.1, rather than on the provision governing crack cocaine offenses, *see* § 2D1.1(c). We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I.  BACKGROUND

Mr. Corber was convicted in late 2004 of distributing 8.59 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). The presentence report ("PSR") calculated a base offense level of 26 under § 2D1.1(c)(7) of the 2004 United States Sentencing Manual ("U.S.S.G." or "Guidelines") and determined Mr. Corber's criminal history category was VI. This produced an advisory Guidelines range of 120–150 months' imprisonment. Mr. Corber had three prior convictions for burglary, however, which triggered application of U.S.S.G. § 4B1.1, the career-offender provision. Under that section, Mr. Corber's base offense level was 34, which resulted in a Guidelines range of 262–327 months.

The district court sentenced Mr. Corber to 136 months' imprisonment pursuant to a downward variance, reasoning that such a term was sufficient, but not greater than necessary, to meet the sentencing purposes set forth in 18 U.S.C. § 3553(a). In the court's written statement of reasons,[1] dated April 13, 2005, it

---

[1]The district court heard arguments at the sentencing hearing and then took the matter under advisement. The court later sentenced Mr. Corber and set forth

(continued...)

stated that "there are other considerations unique to this case that impel tailoring a sentence below the career offender guideline range." The court noted that two of Mr. Corber's burglaries did not involve violence or injury to others; all three of the burglaries were committed before he was twenty-five years old and the last was committed seven years before the instant offense; none involved substantial property loss; and this was Mr. Corber's first drug conviction. In addition, the other two defendants in the case were Mr. Corber's father and uncle, and they had received much shorter sentences even though they appeared to have been more involved in drug trafficking. The district court concluded:

> After balancing all these considerations, the court finds that a sentence of 136 months which is below the guideline range required by the career offender provisions but which falls in the upper half of the guideline range established by giving full weight to the defendant's criminal history (offense level of 26 and criminal history category of six) would be sufficient but not greater than necessary to meet the different purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

On November 1, 2007, the United States Sentencing Commission promulgated Amendment 706, which provides for a two-level reduction in the base offense level under U.S.S.G. § 2D1.1(c) for offenses involving cocaine base. *United States v. Rhodes*, 549 F.3d 833, 835 (10th Cir. 2008). Amendment 706 was made retroactive on March 3, 2008. *See id.* Mr. Corber subsequently filed

---

[1](...continued)
its rationale in the written statement of reasons. The sentencing transcript is not part of the record on appeal.

his § 3582(c)(2) motion for sentence reduction, which the district court dismissed.

Specifically, the court stated that it did not have the authority under § 3582(c)(2)

to reduce Mr. Corber's sentence because his sentence was not "based on"

U.S.S.G. § 2D1.1:

> In the present case, the court did not issue a sentence "based on"
> § 2D1.1, but rather issued a non-guideline sentence based on the
> career offender provision. The court varied from the guideline range
> of the career offender provision by reducing the sentence after
> considering other mitigating factors under § 3553(a). The court's
> sentence was nevertheless based on the guidelines range first
> determined from the career offender provision and not on the
> guideline range applicable under § 2D1.1.

> Following our recent decision in *United States v. Darton*, – F.3d – (10th

Cir. 2010), we agree.

## II.  DISCUSSION

A district court's authority to modify a previously imposed sentence is

limited by § 3582(c), and in this case, § 3582(c)(2).  Under § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently been
> lowered by the Sentencing Commission pursuant to 28 U.S.C. [§]
> 994(o),[2] . . . the court may reduce the term of imprisonment, . . . if
> such a reduction is consistent with applicable policy statements
> issued by the Sentencing Commission.

> In *Darton*, we explained that the applicable policy statement found at

U.S.S.G. § 1B1.10(a)(2)(B) informs our understanding of the meaning of the

---

[2]The Sentencing Commission promulgated Amendment 706 pursuant to 28 U.S.C. § 994(o).  *Rhodes*, 549 F.3d at 838 n.3.

phrase "based on a sentencing range that has subsequently been lowered [by Amendment 706]." *See id.* at –. Under the policy statement, a sentence reduction is not authorized if the amendment at issue "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Although § 3582(c)(2) and § 1B1.10(a)(2)(B) appear to impose two limitations on a district court's authority to reduce a sentence—i.e., the defendant's sentence must be "based on a sentencing range that has subsequently been lowered" by an amendment and the amendment must "lower[] the defendant's applicable guideline range"—these limitations are, in fact, "'identical' and 'convey[] the same meaning.'" *Darton*, – F.3d at – (quoting *United States v. Dryden*, 563 F.3d 1168, 1170–71 (10th Cir. 2009)). Thus, we explained in *Darton* that "a sentence is 'based on' the § 2D1.1 sentencing range when § 2D1.1 produces the defendant's 'applicable guideline range.'" *Id.* at –.

In Mr. Corber's case, then, we must determine whether his "applicable guideline range" (and, accordingly, the range upon which his sentence is "based") is the range produced through application of the § 4B1.1 career-offender provision or the range produced through application of § 2D1.1, which is the range to which the court ultimately varied in imposing Mr. Corber's particular sentence. This is a question of law that we review de novo. *Id.* at –.

Again, *Darton* guides our analysis. In that case, the defendant qualified as a career offender under § 4B1.1, but the district court departed downward from

the career-offender range and instead imposed a sentence within the range produced under § 2D1.1 because the defendant's career-offender status significantly overrepresented the seriousness of his criminal history. *See* §§ 4A1.3, 5K2.0; *Darton*, – F.3d at –. We agreed with the district court that it lacked the authority under § 3582(c)(2) to reduce the defendant's sentence in such a case, holding that "'the applicable guideline range' and the range upon which a sentence is 'based' is, as a matter of law, the range produced under the guidelines' sentencing table after a correct determination of the defendant's total offense level and criminal history category but prior to any discretionary departures." *Darton*, – F.3d at –. Because that range was the one produced under the career-offender guideline, which Amendment 706 does not affect, *see United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008), the district court had no authority to reduce the sentence. *Darton*, – F.3d at –.

Although *Darton* is distinguishable because the defendant in that case was sentenced to a below-guideline sentence through a departure, rather than a variance, the rationale employed by the *Darton* court applies with equal force in this case. We began in *Darton* by recognizing that the guidelines categorically define a departure as "a sentence outside the applicable guideline range." *See id.* at –. Thus, "a departure exists only *apart from* the applicable guideline range; there is no such thing as a departure *to* the applicable guideline range." *Id.* at –. Although the guidelines do not define "variance," our post-*Booker* jurisprudence

has repeatedly characterized a variance in equivalent terms. *See, e.g.*, *United States v. Villa-Vazquez*, 536 F.3d 1189, 1197 (10th Cir. 2008) (defining "applicable guideline range" as the range calculated prior to all departures and variances); *United States v. Landers*, 564 F.3d 1217, 1224 (10th Cir. 2009) (affirming district court's "variance from the . . . applicable guideline range"); *United States v. Munoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008) (reviewing the district court's calculation of the "applicable Guidelines range and the reasonableness of the downward variance"); *United States v. Trotter*, 518 F.3d 773, 774 (10th Cir. 2008) (noting the district court sentenced the defendant "at the bottom of the applicable Guidelines range, [because] the § 3553(a) factors did not warrant a variance."). Accordingly, like a departure, a variance is a sentence outside the "applicable guideline range."

The First Circuit likewise reached this conclusion in *United States v. Carabello*, 552 F.3d 6 (1st Cir. 2008). There, the court held that a defendant who qualified as a career offender but who received a downward variance from the career-offender sentencing range was ineligible for a sentence reduction in part because his applicable guideline range had not been lowered by Amendment 706:

> [E]ven though the defendant received a non-guideline sentence, that had no effect on the sentencing range applicable in his case (i.e., the sentencing range contemplated by section 3582(c)). Under an advisory guidelines system, a variance is granted in the sentencing court's discretion *after* the court has established an appropriately calculated guideline sentencing range. It is that sentencing range that must be lowered by an amendment in order to engage the gears

of section 3582(c)(2).

552 F.3d at 11 (internal citation omitted).  *Cf. United States v. Tolliver*, 570 F.3d 1062, 1066 (8th Cir. 2009) (same, but with respect to a departure).

Mr. Corber urges us to follow the Second Circuit's decision in *United States v. McGee*, 553 F.3d 225 (2d Cir. 2009), which held that the district court was authorized to reduce the sentence of a defendant who qualified as a career offender but was ultimately sentenced within the § 2D1.1 range as a result of a downward departure.  As we explained in *Darton*, however, *McGee* is unpersuasive because it fails to address the foundation of our analysis: § 1B1.10(a)(2)(B)'s instruction that a sentence reduction is authorized only when the amendment at issue lowers the defendant's "applicable guideline range," and our court's definition of a variance as a sentence outside the "applicable guideline range."  *See Darton*, – F.3d at –.  Rather, *McGee* focuses primarily on the guidelines' policy statement governing the *extent* of an authorized reduction—not the sentencing court's authority to reduce a sentence in the first place.  *See McGee*, 553 F.3d at 227–28 (interpreting § 1B1.10(b)(2)(B)).

Finally, we explained in *Darton* that a district court's decision to exercise its discretion and impose a variance or departure does not render inapplicable the career-offender guideline or any other guideline provision pertinent to that particular defendant's offense level and criminal history category.  *Darton*, – F.3d at –.  Instead, under our sentencing framework, a district court must first calculate

the "applicable guideline range." *Id.* at –. To do so, the court must apply "each guideline provision relevant to the particular defendant's offense and criminal history category, including the career-offender provision of § 4B1.1, and then determin[e] the range provided by the sentencing table in Chapter 5, Part A of the guidelines." *Id.* at –. Only then may the court determine the propriety and extent of a departure or variance; indeed, a court's failure first to properly calculate the "applicable guideline range"—including whether the defendant qualifies as a career offender—is grounds for resentencing. *Id.* at –. "Thus, the fact that a sentencing court ultimately sentences a defendant to a below-guideline range does not mean that the sentence necessarily falls within the 'applicable guideline range;' rather, in such a case, the court has simply selected an alternative sentence determined by the court to be better tailored to the specific circumstances of that particular defendant." *Id.* at –.

We therefore extend our holding in *Darton* to variances as well as departures. In short, for purposes of a sentence modification under § 3582(c)(2), the "applicable guideline range" and the range upon which a sentence is "based" is, as a matter of law, the range produced under the guidelines' sentencing table after a correct determination of the defendant's total offense level and criminal history category but prior to any discretionary variances. *Cf. id.* at –. In Mr. Corber's case, the applicable guideline range is the range produced under the career-offender guideline. Because Amendment 706 does not lower this

sentencing range, the district court was not authorized to reduce his sentence under § 3582(c)(2).

## III. CONCLUSION

For the reasons stated above, we AFFIRM the district court's dismissal of Mr. Corber's motion for a sentence modification.