FILED
United States Court of Appeals
Tenth Circuit

March 4, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

STEVEN OLIN EVANS,

　　Defendant - Appellant.

No. 15-4100
(D.C. No. 2:01-CR-00603-DAK-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

In 2002, Steven Evans pled guilty to two counts of brandishing a firearm during a crime of violence, a violation of 18 U.S.C. § 924(c). Twelve years later, he filed a pro se motion to withdraw his plea, arguing the government breached the terms of the plea agreement.

To the extent Evans sought to withdraw his plea, the district court concluded such relief was unavailable under Rule 11(e) of the Federal Rules of Criminal Procedure, which states a defendant can't withdraw a guilty or no contest plea after sentencing. But

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

to the extent Evans asserted his judgment included restitution he never agreed to pay, the district court alternatively construed Evans' motion as a request to "amend the Judgment to reflect the bargain reached in the Plea Agreement." Order at 2. The district court denied that request too.

Proceeding pro se[1] on appeal,[2] Evans presents us with seven "questions of law." Aplt. Br. 1-2. But he cites neither legal authority nor the portions of the record that might help us answer those "questions." *See* Fed. R. App. P. 28(a)(8)(A) (requiring appellant's brief to include "citations to the authorities and parts of the record on which the appellant relies"). Thus, we decline to address them. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (noting we routinely refuse to consider arguments that fail to meet Rule 28's requirements); *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 305 F.3d 1152, 1175 (10th Cir. 2002) ("We do not consider merely including an issue within a list to be adequate briefing."), *modified on other grounds on reh'g*, 319 F.3d 1207 (10th Cir. 2003).

---

[1] Because Evans proceeds pro se, we liberally construe his filings and apply a more forgiving standard than we apply to attorney-drafted filings. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we won't act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Evans filed his notice of appeal more than fourteen days after the district court denied his motion. Nevertheless, he stated in his notice that he didn't receive a copy of the district court's order until after Fed. R. App. P. 4(b)(1)(A)(i)'s fourteen-day time period expired. Because Rule 4(b) is a claim-processing rule, not a jurisdictional one, relief under the rule "may be forfeited if not properly raised by the government." *United States v. Garduno*, 506 F.3d 1287, 1291 (10th Cir. 2007). The government hasn't asked us to dismiss Evans' appeal as untimely. Accordingly, we exercise our discretion to hear his appeal.

In any event, as the government points out, the district court lacked authority to allow Evans to withdraw his plea. *See* Rule 11(e). And we discern no error in the district court's decision refusing to modify the Judgment to remove certain restitution. *See* 18 U.S.C. § 3664(o) (listing circumstances in which court may modify order of restitution). Accordingly, we affirm the district court's denial of Evans' motion, and we deny his request to proceed in forma pauperis (IFP). *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (explaining that to succeed on motion to proceed IFP, appellant must show "existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal").

Entered for the Court,

Nancy L. Moritz
Circuit Judge