**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DEMONE RASHEE BELL, a/k/a "D,"

     Defendant - Appellant.

No. 15-5118
(D.C. No. 4:10-CR-00129-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

Appearing pro se, Demone Rashee Bell appeals the district court's denial of

his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).[1] Because Bell is

ineligible for a sentence reduction, we affirm.

Bell was convicted in 2010 of various counts arising out of a conspiracy to

manufacture and distribute methamphetamine. A jury found the conspiracy involved

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1;
10th Cir. R. 32.1.

[1] Because Bell appears pro se, we liberally construe his filings. *Gallagher v.
Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). But it's not our role to act as his
advocate. *Id*.

2.4 kg of methamphetamine, which resulted in a base offense level of 34. After applying several enhancements, the district court concluded Bell had a total offense level of 42 and a criminal history category VI, producing a Guidelines range of 360 months to life in prison. But the court granted in part Bell's motion for a downward variance to a non-Guidelines sentence, varying downward seven levels to a total offense level of 35 and a Guidelines range of 292 to 365 months. The court sentenced Bell to 300 months in prison.

The Sentencing Commission subsequently issued Amendment 782, which lowered by two levels most of the base offense levels provided in the Guidelines' Drug Quantity Table. *See* U.S.S.G. app. C, amend. 782. Citing Amendment 782, Bell filed a motion for a sentence reduction under § 3582(c)(2), which authorizes a district court to reduce a defendant's sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Bell argued he was eligible for a reduced sentence because "Amendment 782 reduced the Guidelines' range applicable in this case." R. at 58.

The district court disagreed. It explained that although Amendment 782 lowered Bell's total offense level from 42 to 40, the resulting Guidelines range remained 360 months to life. Noting that it was "not permitted to impose a sentence that is less than the range produced by the retroactive amendment," the district court concluded Bell was ineligible for a sentence reduction because his original 300-month sentence is below the minimum of the applicable post-Amendment Guidelines range. *Id.* at 64 (citing U.S.S.G. § 1B1.10(b)(2)(A)).

2

Bell appeals,[2] insisting Amendment 782 reduced his applicable Guidelines range. He explains that because his total offense level is now 40, "leaving all other application decisions made at [the time of his sentencing] intact, specifically, removing seven levels of offense characteristics as a downward variance – he would have received a sentence of 235 months (Level 33, Category VI)." Aplt. Br. 5.

But Bell is mistaken that applying the seven-level variance he received at sentencing would reduce the applicable Guidelines range. For purposes of a motion under § 3582(c)(2), the applicable Guidelines range is the "range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined *before consideration of . . . any variance*." U.S.S.G. § 1B1.10 cmt. n.1(A) (emphasis added); *see also United States v. Corber*, 596 F.3d 763, 768 (10th Cir. 2010) (explaining that "the 'applicable guideline range' and the range upon which a sentence is 'based' is, as a matter of law, the range produced under the guidelines' sentencing table after a correct determination of the defendant's total offense level and criminal history category *but prior to any discretionary variances*" (emphasis added)).

Based on the district court's original pre-variance determination of Bell's total offense level (i.e., 42) and his criminal history category (i.e., VI), Bell's applicable Guidelines range at sentencing was 360 months to life. Supp. R., vol. II, at 29l; *see*

---

[2] Bell filed his notice of appeal more than fourteen days after the district court denied his motion. Because the government doesn't challenge his appeal as untimely, we exercise our discretion to hear the appeal. *See United States v. Garduno*, 506 F.3d 1287, 1291 (10th Cir. 2007) (explaining timeliness under Fed. R. App. P. 4(b)(1)(A) "may be forfeited if not properly raised by the government").

U.S.S.G. ch. 5, pt. A. Bell is correct that Amendment 782 reduces his total offense level from 42 to 40. *See* U.S.S.G. § 2D1.1(c)(4). But when that new offense level is coupled with Bell's criminal history category of VI, his applicable Guidelines range for purposes of § 3582(c)(2) remains 360 months to life. *See* U.S.S.G. ch. 5, pt. A; *Corber*, 596 F.3d at 768 (explaining applicable Guidelines range is range calculated before variance). This is fatal to Bell's motion, because a court isn't authorized to reduce a defendant's sentence under § 3582(c)(2) if the applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).[3]

Accordingly, we affirm the district court's denial of Bell's § 3582(c)(2) motion. We also deny Bell's motion to proceed in forma pauperis.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[3] Moreover, Bell's original 300-month sentence is below the minimum of the applicable Guidelines range produced by Amendment 782. The district court therefore correctly concluded it was prohibited from reducing his sentence any further. *See* U.S.S.G. § 1B1.10(b)(2)(A) (providing that, absent a narrow exception not applicable here, a court "shall not reduce the defendant's term of imprisonment under" § 3582(c)(2) "to a term that is less than the minimum of the amended guideline range").