**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ISMAEL CASILLAS-CORALES,

    Defendant - Appellant.

No. 15-4129
(D.C. No. 1:11-CR-00044-TS-DBP-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Federal prisoner Ismael Casillas-Corales appeals the district court's order granting

him a three-month reduction in his sentence under 18 U.S.C. § 3582(c)(2). Exercising

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

### I. BACKGROUND

In 2011, Mr. Casillas-Corales pled guilty to one count of possessing

methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

district court calculated his total offense level as 32 and placed him in criminal history category I, yielding an advisory Guidelines range of 121 to 151 months. On June 12, 2012, the district court sentenced Mr. Casillas-Corales to 100 months in prison, followed by five years of supervised release. He did not appeal that sentence.

On July 31, 2015, Mr. Casillas-Corales filed a motion to reduce his sentence under 18 U.S.C. § 3582(c), to which the Government stipulated. The motion was based on Amendment 782 to the U.S. Sentencing Guidelines ("U.S.S.G."), which retroactively "reduced the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses." *United States v. Kurtz*, --- F.3d ---, ---, 2016 WL 1212066, at *3 (10th Cir. Mar. 29, 2016) (quotation omitted). According to the motion, Mr. Casillas-Corales's revised Guidelines range under Amendment 782 was 97 to 121 months. He therefore asked the district court to reduce his sentence to 97 months' imprisonment.

The district court granted the motion on August 10, 2015, reducing Mr. Casillas-Corales' sentence to 97 months. Moving pro se, Mr. Casillas-Corales placed a notice of appeal in the prison's legal mail system on September 3, 2015, and it was docketed by the district court on September 8, 2015. We appointed the Federal Public Defender for the District of Utah to represent Mr. Casillas-Corales on appeal.

On December 9, 2015, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which

> authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous. Under *Anders,* counsel must submit a brief to the client

and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Kurtz*, 2016 WL 1212066, at \*2 (quotation omitted). The clerk sent Mr. Casillas-Corales a copy of counsel's *Anders* brief, along with a letter informing him he had 30 days in which to file any objections to dismissal of his appeal. The 30-day deadline passed without any submission from Mr. Casillas-Corales.

## II. **DISCUSSION**

### A. *Jurisdiction*

A criminal defendant's notice of appeal "must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A). Mr. Casillas-Corales's notice of appeal was filed on September 8, 2015—29 days after the district court entered its order denying his § 3582(c) motion. His notice was therefore untimely. *See United States v. McCalister*, 601 F.3d 1086, 1087 (10th Cir. 2010) ("This court has specifically held that a § 3582(c)(2) motion is a continuation of the prior criminal proceeding." (quotation omitted)).

But "Rule 4(b)(1)(A) is a non-jurisdictional claim-processing rule." *United States v. Garduno*, 506 F.3d 1287, 1290 (10th Cir. 2007). As a result, a Rule 4(b)(1)(A) defense "may be forfeited if not properly raised by the government." *Id.* at 1291. Here, the Government has not responded to Mr. Casillas-Corales's appeal. We therefore "exercise

our discretion to hear the appeal." *United States v. Bell*, --- F. App'x ---, ---, 2016 WL

1169113, at *1 n.2 (10th Cir. Mar. 25, 2016) (unpublished); *see also United States v.*

*Evans*, --- F. App'x ---, ---, 2016 WL 851759, at *1 n.2 (10th Cir. Mar. 4, 2016)

(unpublished).[1]

## B.    *Merits*

### 1.   Standard of Review

"The scope of a district court's authority in a sentencing modification proceeding

under § 3582(c)(2) is a question of law that we review de novo.  We review a denial of a

§ 3582(c)(2) motion for abuse of discretion."  *United States v. Lucero*, 713 F.3d 1024,

1026 (10th Cir. 2013) (brackets, citation, and quotation omitted).

"When counsel submits an *Anders* brief, our review of the record is de novo."

*Kurtz*, 2016 WL 1212066, at *2.

### 2.   Background Law

We have described the law governing § 3582(c) motions as follows:

> "Generally, federal courts are prohibited from 'modifying a term of imprisonment once it has been imposed.'" *Lucero,* 713 F.3d at 1026 (quoting 18 U.S.C. § 3582(c)). But "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," district courts "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable." § 3582(c)(2). Any reduction the court orders must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

---

[1] We find the reasoning of these unpublished opinions, though not precedential, to be instructive.  *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

The policy statement that governs § 3582(c)(2) motions is § 1B1.10. Under that provision, a court considering a sentence-reduction motion "determines the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10(b)(1) (U.S. Sentencing Comm'n 2014). Only amendments that "have the effect of lowering the defendant's applicable guideline range" may be used to obtain § 3582(c)(2) relief. *Id.* § 1B1.10(a)(2)(B). And "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." *Id.* § 1B1.10(b)(2)(A).

*Id.* (brackets omitted).

As explained above, Amendment 782 to the Guidelines, which went into effect on November 1, 2014, retroactively "reduced the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses." *Id.* at *3 (quotation omitted).

3. **Analysis**

We are unclear as to the basis for Mr. Casillas-Corales's appeal. He does not dispute that under Amendment 782, his revised Guidelines range is 97 to 121 months of imprisonment. Under U.S.S.G. § 1B1.10(b)(2)(A), the district court lacked authority to impose a sentence below the lower bound of this range. To the extent Mr. Casillas-Corales appeals because he believes the district court should have reduced his sentence further, the court was powerless to do so.

In his *Anders* brief, counsel "raised for [our] consideration" the question whether the "district court erroneously failed to reduce . . . Mr. Casillas-Corales' sentence below the new Sentencing Guidelines range in violation of his right to a jury trial." Doc. 10326302 at 3-4. Counsel suggests the district court may have erred when it "treated

Amendment 782 as mandatory and thus depriving it of sentencing discretion in violation of [*United States v. Booker*, 543 U.S. 220 (2005)]." *Id.* at 5. In other words, counsel proposes that because the bar on sentences below the amended range appears in the Guidelines, which *Booker* rendered advisory, the district court was free to impose a sentence lower than 97 months.

But as counsel concedes, the Supreme Court has expressly rejected this argument. The Court held in *Dillon v. United States*, 560 U.S. 817 (2010), that *Booker* does not "require[] treating § 1B1.10(b) as nonbinding." 560 U.S. at 819. The Court explained that "proceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt." *Id.* at 828. *Dillon* remains good law, and we are not free to disregard it.

We do not detect any other possible bases for reversing the district court's order. Having "conduct[ed] a full examination of the record," we conclude Mr. Casillas-Corales's appeal is "wholly frivolous." *Kurtz*, 2016 WL 1212066, at *2 (quotation omitted). We therefore dismiss this appeal and grant counsel's motion to withdraw.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge