FILED
United States Court of Appeals
Tenth Circuit

May 12, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CLEO PATTERSON,

    Defendant - Appellant.

No. 15-6147
(D.C. No. 5:05-CR-00068-C-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

In 2005, Cleo Patterson was convicted of two counts: (1) possession with intent to distribute 25.92 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1); and (2) traveling in interstate commerce with the intent to promote a business enterprise involving controlled substances and to further that enterprise by transporting about 25.92 kilograms of cocaine, in violation of 18 U.S.C. § 1952(a)(3). The 2004 edition of the Sentencing Guidelines was used to compute Patterson's sentence. Under the Presentence Investigation Report (PSR), Patterson was found to

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

be responsible for 22.29 kilograms of cocaine, yielding a base offense level of 34 under U.S.S.G. § 2D1.1. In addition, Patterson qualified as a career offender under U.S.S.G. § 4B1.1, which raised his offense level to 37. With a criminal history category of VI and an offense level of 37, Patterson's advisory guideline range for the drug conviction was 360 months to life imprisonment. Because the government filed an Information under 21 U.S.C. § 851, Patterson's statutory mandatory minimum sentence was set at 20 years. Patterson's advisory guideline range for the transportation conviction was 60 months, limited by a statutory mandatory maximum sentence of 5 years under 18 U.S.C. § 1952(a)(3)(A).

Patterson objected to the PSR on numerous bases, including opposing application of the career-offender enhancement. The district judge adopted the PSR without change and sentenced Patterson to 360 months on the drug conviction and 60 months on the racketeering conviction, to run concurrently. The district judge also imposed 5 years of supervised release (3 on the transportation count to run concurrently) after Patterson's incarceration.

On September 20, 2013, the United States asked for a sentence reduction under Fed. R. Crim. P. 35(b) and 18 U.S.C. § 3553(e) for Patterson's substantial assistance. Patterson was resentenced to 180 months on the drug conviction. His new sentence was set 15 years lower than the bottom of the advisory range under the career-offender guideline range, and 5 years below the otherwise-applicable statutory mandatory minimum.

In 2014, the Sentencing Commission adopted Amendment 782 to the Sentencing Guidelines, reducing the offense level for certain drug crimes by two levels. Amendment 782 affected § 2D1.1 and § 2D1.11 of the guidelines and applies retroactively. On November 3, 2014, Patterson filed a motion to modify his sentence and counsel was appointed to assist him. The Probation Office concluded that Patterson was ineligible for a reduction because the PSR had calculated his total offense level under the career-offender guideline, § 4B1.1, not drug guideline § 2D1.1, which Amendment 782 affected.

In response, Patterson argued that he was entitled to resentencing under 18 U.S.C. § 3582(c)(2) because (1) Patterson's career-offender status no longer controlled once he was resentenced below the career-offender guideline, or, in the alternative, (2) because reading § 1B1.10's definition of "applicable guideline range" as the range that corresponds to the offense level and criminal history category before any departures or variances would violate the *Ex Post Facto* Clause. The district court rejected both arguments.

On appeal, Patterson's appointed counsel has filed an *Anders* brief and moved to withdraw, explaining that she had reviewed the record and relevant case law and determined the appeal to be wholly frivolous. *See Anders v. California*, 386 U.S. 738, 744 (2007). Patterson has filed a motion in response to counsel's *Anders* brief, but he has not raised additional legal arguments. Exercising jurisdiction under 18 U.S.C. § 3231, we affirm and grant counsel's motion to withdraw.

Because defense counsel has submitted an *Anders* brief, our task is to "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). "Frivolous means '[l]acking a legal basis or legal merit; not serious; not reasonably purposeful.'" *United States v. Lain*, 640 F.3d 1134, 1137 (10th Cir. 2011) (alteration in original) (quoting *Frivolous*, *Black's Law Dictionary* (8th ed. 2004). "We review de novo the district court's interpretation of . . . the sentencing guidelines." *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997)).

As the district court correctly noted, both of Patterson's arguments are foreclosed by our precedent. In *United States v. Corber*, 596 F.3d 763 (2010), we squarely held that

> for the purposes of a sentence modification under § 3582(c)(2), the "applicable guideline range" and the range upon which the sentence is "based" is, as a matter of law, the range produced under the guidelines' sentencing table after a correct determination of the defendant's total offense level and criminal history category but prior to any discretionary variances.

*Id.* at 768. Thus, as in *Corber*, Patterson's "applicable guideline range" is the career-offender guideline, which was not affected by Amendment 782. *See id.* (finding that Amendment 706, a similar amendment to the drug guidelines, did not apply to Corber, who had been sentenced under the career-offender guideline). It is irrelevant that Patterson actually received a sentence below the career-offender guideline range:

the "applicable guideline range" remains the same. We affirm the ruling of the district court and grant counsel's motion to withdraw.

Appellant filed the opening brief and a number of documents under seal. In response to an order to show cause, both Appellant and the government responded in support of sealing the materials. Given the safety concerns arising from Patterson's substantial assistance, filing under seal is narrowly tailored to serve safety interests. *See Press-Enter. Co. v. Superior Court of Cal.*, 464 U.S. 501, 510 (1984) ("The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that purpose."); *see United States v. A.B.*, 529 F.3d 1275, 1275 n.* (10th Cir. 2008).

Entered for the Court

Gregory A. Phillips
Circuit Judge