**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ARMANDO LUGO MADRID,

    Defendant - Appellant.

No. 19-2015
(D.C. No. 2:11-CR-02516-WJ-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Armando Lugo Madrid pled guilty to a federal drug crime and was sentenced to

144 months in prison and four years of supervised release. He appeals the district court's

denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). His appointed

counsel has submitted an *Anders* brief stating the appeal presents no non-frivolous

grounds for reversal. After careful review of the record, we agree. Exercising

jurisdiction under 28 U.S.C. § 1291, we grant counsel's motion to withdraw, and we

dismiss the appeal.

## I. BACKGROUND

### A. *Conviction and Sentence*

Mr. Madrid was indicted for possessing with intent to distribute 50 grams or more

of a mixture containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(B). He pled guilty and signed a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). The parties agreed that "[p]ursuant to [United States Sentencing Guidelines ("U.S.S.G." or "Guidelines")] § 2D1.1(c), . . . [Mr. Madrid] is responsible for approximately one hundred seventeen (117) grams of a mixture and substance of methamphetamine." ROA at 5.[1] They also agreed to a 12-year sentence.

At sentencing, the district court calculated Mr. Madrid's advisory Guidelines sentence range. Although the drug quantity stipulated in the plea agreement would have yielded a base offense level of 26, *see supra* note 1, U.S.S.G. § 4B1.1 sets higher base offense levels for defendants who qualify as "career offenders."[2] That Guideline also states that "if the offense level [provided in § 4B1.1] is greater than the offense level otherwise applicable, the offense level from [§ 4B1.1] shall apply." U.S.S.G. § 4B1.1(b). The district court found that Mr. Madrid qualified as a career offender and, applying § 4B1.1, set his base offense level at 34. It then subtracted three levels for acceptance of responsibility, resulting in a total offense level of 31. The court placed Mr. Madrid in

---

[1] U.S.S.G. § 2D1.1(c) contains a Drug Quantity Table that sets the base offense level for possession of various drug quantities. Under the then-effective version of § 2D1.1(c), the base offense level for possession of 117 grams of a methamphetamine mixture was 26. *See* U.S.S.G. § 2D1.1(c)(7) (2011).

[2] U.S.S.G. § 4B1.1(a) states:
> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Criminal History Category VI because of his career offender status and calculated a resulting Guidelines range of 188 to 235 months.

The court acknowledged that the 144-month sentence stipulated in the plea agreement "accord[ed] the defendant approximately two years' reduction from what would otherwise be the low end of the [G]uidelines," Dist. Ct. Doc. 37 at 2, but found that the agreement "depart[ed] [from the recommended Guidelines range] for justifiable reasons," *id.* at 6. It thus accepted the plea agreement and sentenced Mr. Madrid to the agreed-upon 144 months.

## B. *Motions to Reduce Sentence*

Two years after Mr. Madrid was sentenced, the United States Sentencing Commission adopted Amendment 782, reducing the base offense levels listed in the Drug Quantity Table in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. Supp. to App. C, Amend. 782, 788.

Mr. Madrid moved to modify his sentence under 18 U.S.C. § 3582(c)(2), which allows federal courts to reduce a sentence if the defendant's term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." He argued that if Amendment 782 had been in effect at the time of his sentencing, his base offense level under § 2D1.1(c) would have been 24 rather than 26. Combined with his Criminal History Category of VI, this would have yielded a Guidelines range of 100 to 125 months. Mr. Madrid therefore requested that the district court reduce his sentence to 100 months.

The district court dismissed Mr. Madrid's motion for lack of jurisdiction. It found that "Mr. Madrid's advisory Guideline range was a product of his career offender status,

3

and his . . . sentencing range of 188 to 235 months was . . . a result of his career offender status alone and not related to the quantity or purity of the methamphetamine involved." ROA at 101. Because Amendment 782 did not modify the career offender Guideline, it had no effect on his advisory sentencing range. The court thus concluded that Mr. Madrid was "statutorily ineligible for consideration for a reduced sentence under § 3582(c)(2)." *Id.*

Two years after the district court denied Mr. Madrid's motion, the Supreme Court decided *Hughes v. United States*, 138 S. Ct. 1765 (2018). As discussed above, § 3582(c)(2) applies only if the challenged sentence is "based on" a Guidelines sentencing range that was subsequently lowered. 18 U.S.C. § 3582(c)(2). *Hughes* clarified that Rule 11(c)(1)(C) plea agreements are "based on" a Guidelines range—and therefore eligible for § 3582(c)(2) relief—if the advisory Guidelines range "was part of the framework the district court relied on in imposing the sentence or accepting the agreement." 138 S. Ct. at 1775. Because "the Sentencing Guidelines prohibit district courts from accepting [Rule 11(c)(1)(C)] agreements without first evaluating . . . the defendant's Guidelines range," the Court held that "in the usual case . . . the sentence to be imposed pursuant to [a Rule 11(c)(1)(C)] agreement [is] 'based on' the defendant's Guidelines range." *Id.* at 1776. But if the record clearly indicates that the "Guidelines range was not a relevant part of analytic framework the judge used to determine the sentence or to approve the agreement, . . . the defendant's sentence was not based on that sentencing range, and relief under § 3582(c)(2) is unavailable." *Id.* (quotations and citations omitted).

4

Mr. Madrid then renewed his motion for sentence reduction, arguing that "[i]n light of *Hughes*, [he was] eligible for a reduction pursuant to § 3582(c)(2)," ROA at 18, because his stipulated sentence was "based on the offense level for 117 grams of methamphetamine and criminal history category VI," *id.* at 19.

The district court denied Mr. Madrid's renewed motion. It again found that his sentence was based on his career-offender status, which Amendment 782 did not affect. It further noted that "nothing [had] changed in light of *Hughes*," and that "[a]s a result, [Mr. Madrid] remain[ed] ineligible for a sentence reduction." *Id.* at 119.

## C. *Appeal and* Anders *Brief*

Mr. Madrid timely appealed the district court's denial of his renewed motion. His counsel filed a brief invoking *Anders v. California*, 386 U.S. 738 (1967), which "authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citations omitted).

The *Anders* brief states that the only possible issue for appeal is whether the district court correctly denied Mr. Madrid's § 3582(c)(2) motion for sentence reduction. Counsel states this issue is frivolous because Mr. Madrid's sentence was based on the career offender Guideline and not "on any guideline that ha[s] been subsequently lowered by the Sentencing Commission." *Anders* Br. at 9-10. Counsel thus seeks to withdraw from representation.

Mr. Madrid filed a response to counsel's *Anders* brief, arguing that his plea agreement contains "no mention of the Career Offender [G]uideline," Resp. Br. at 5, but

5

in fact "succinctly stipulate[s] to a § 2D1.1(c) drug quantity [G]uideline," *id.* at 4. He thus claims his sentence was "based on a § 2D1.1(c) [G]uideline range which had been lowered by the Sentencing Commission pursuant to Amendment 782." *Id.* Because of this, Mr. Madrid argues he is eligible for a sentence reduction under § 3582(c)(2).

## II. DISCUSSION

### A. *Standard of Review*

"The scope of a district court's authority in a sentencing modification proceeding under § 3582(c)(2) is a question of law that we review de novo. We review a denial of a § 3582(c)(2) motion for abuse of discretion." *United States v. Lucero*, 713 F.3d 1024, 1026 (10th Cir. 2013) (brackets, citations, and quotations omitted).

When counsel submits an *Anders* brief, we review the record de novo. *See United States v. Leon*, 476 F.3d 829, 832 (10th Cir. 2007) (per curiam) ("Under *Anders*, we have conducted an independent review and examination.").

### B. *Analysis*

Having "conduct[ed] a full examination of the record," we can discern no non-frivolous ground for appealing the district court's denial of Mr. Madrid's motion to reduce his sentence. *See Calderon*, 428 F.3d at 930. We therefore grant counsel's motion to withdraw, and we dismiss this appeal.

Mr. Madrid is eligible for a sentence reduction under § 3582(c)(2) only if his sentence was "based on a sentencing range that [was] subsequently . . . lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Mr. Madrid's sentence does not satisfy this requirement. Although his plea agreement references U.S.S.G. § 2D1.1(c),

6

our § 3582(c)(2) analysis must focus on "the reasons for the sentence that the district court imposed, not the reasons for the parties' plea agreement." *Hughes*, 138 S. Ct. at 1776. The record demonstrates that the district court calculated the advisory Guidelines range using U.S.S.G. § 4B1.1, which sets a base offense level of 34 for career offenders. Although the court ultimately sentenced Mr. Madrid to 144 months, it did so only because the lesser sentence "depart[ed] for justifiable reasons" from the Guidelines range it had calculated using the career offender provision. Dist. Ct. Doc. 37 at 6. The court never mentioned the base offense level of 26, and there is no indication that it considered or applied § 2D1.1(c) when crafting Mr. Madrid's sentence.

Because the district court relied on the career offender Guideline rather than § 2D1.1(c), Mr. Madrid cannot argue that his sentence was "based on a sentencing range that [was] subsequently . . . lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). We have held that changes to § 2D1.1 have "no effect on the career offender guidelines in § 4B1.1." *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008); *United States v. Gilchrist*, 752 F. App'x 681, 682 (10th Cir. 2019) (unpublished) ("Amendment 782 had no effect on the career offender guideline.")[3]; *see also United States v. Akers*, 892 F.3d 432, 434 (D.C. Cir. 2018) ("Amendment 782 . . . did not lower the offense levels applicable to career offenders."). Amendment 782 thus had no impact on Mr. Madrid's sentence. As before, Mr. Madrid's base offense level for

---

[3] Although not precedential, we find the reasoning of this unpublished opinion instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

a career offender is 34, his adjusted offense level is 31, his criminal history category is VI, and his applicable Guidelines sentencing range is 188 to 235 months. He is therefore ineligible for sentence modification under § 3582(c)(2).

*Hughes* does not affect this result. Although *Hughes* established that Rule 11(c)(1)(C) plea agreements are often "based on" the defendant's Guidelines range for the purposes of a § 3582(c) motion, *see* 138 S. Ct. at 1776, it did not change the requirement that the defendant's sentence also must be "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3852(c)(2). In *Hughes*, that requirement was satisfied because the district court calculated the Guidelines sentencing range using the drug quantity Guidelines, which were later revised under Amendment 782. *See* Sentencing Hearing Transcript, *United States v. Hughes*, 4:13-CR-043-01-HLM-WEJ (N.D. Ga. Nov. 6, 2015), Dist. Ct. Doc. 106 at 5-6; *see also Hughes*, 138 S. Ct. at 1778. Here, by contrast, the district court calculated a Guidelines sentence range using the career offender Guideline. Amendment 782 did not affect that Guideline. Accordingly, Mr. Madrid's sentence was not "based on a sentencing range that [was] subsequently . . . lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Because Mr. Madrid's sentence was not "based on a sentencing range that [was] subsequently . . . lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), neither counsel's *Anders* brief nor our own review of the record identifies any non-frivolous basis for appeal. We therefore grant counsel's motion to withdraw, and we dismiss this appeal.

## III. **CONCLUSION**

The district court lacked authority under § 3582(c)(2) to reduce Mr. Madrid's sentence. We grant counsel's motion to withdraw, and we dismiss this appeal.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge